J-S46007-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| v. | |
| ANATOLIY V. VERETNOV | |
| Appellant | No. 1467 MDA 2016 |

Appeal from the PCRA Order November 9, 2015
In the Court of Common Pleas of Centre County
Criminal Division at No(s):
CP-14-CR-0001128-2010
CP-14-CR-0001137-2010
CP-14-CR-0001160-2010

BEFORE:  BOWES, J., OLSON, J., AND STEVENS, P.J.E.*

MEMORANDUM BY BOWES, J.:                    **FILED OCTOBER 17, 2017**

Anatoliy V. Veretnov appeals *nunc pro tunc* from the November 9, 2015 order denying him PCRA relief.  We vacate the order and remand for consideration of Appellant's allegations of PCRA counsel's ineffectiveness.

These three actions were consolidated for trial, which included co-defendants Alexi Semionov, Maksim Illarionov, and Dmitriy Litvinov. Appellant was granted a mistrial during his first 2011 trial, after Semionov decided to enter a guilty plea and agreed to be a witness against his three co-defendants.  Thereafter, Appellant filed a motion to bar retrial on double jeopardy grounds, that motion was denied, and we affirmed the order denying

---

* Former Justice specially assigned to the Superior Court.

Appellant's double jeopardy motion. ***Commonwealth v. Veretnov***, 46 A.3d 809 (Pa.Super. 2012) (unpublished memorandum).

On June 22, 2012, at docket number CP-14-CR-1128-2010, Appellant was found guilty by a jury of one count each of robbery, theft by unlawful taking or disposition, receiving stolen property, kidnapping, and simple assault, and three counts of criminal conspiracy. At docket number CP-14-CR-1137-2010, the jury determined that Appellant committed one count of robbery, criminal attempt, and criminal conspiracy to commit robbery and two counts of simple assault and reckless endangerment. For purposes of docket number CP-14-CR-1160-2010, Appellant was found guilty of one count each of theft by unlawful taking or disposition, receiving stolen property, and criminal mischief, seven counts of robbery, and nine counts of criminal conspiracy.

On July 20, 2012, the court imposed a judgment of sentence of thirty and one-half to sixty-one years imprisonment, and we affirmed. ***Commonwealth v. Veretnov***, 87 A.3d 378 (Pa.Super. 2013) (unpublished memorandum). Our Supreme Court denied allowance of appeal on February 6, 2014. ***Commonwealth v. Veretnov***, 85 A.3d 484 (Pa. 2014).

On December 24, 2014, Appellant filed a timely PCRA petition, and counsel was appointed. Counsel filed an amended PCRA petition accusing trial counsel of ineffectiveness in one respect: for failing to call Pennsylvania State Trooper Leigh Barrows as a witness. The PCRA court issued a notice of its

intent to dismiss that petition without a hearing, and, on November 9, 2015, an order was docketed denying PCRA relief. In the order, the PCRA court determined that trial counsel was not ineffective for neglecting to call the witness in question. On November 22, 2016, Appellant filed a document of record complaining about PCRA counsel's failure to raise other issues that Appellant wanted the court to consider in that timely PCRA proceeding.

Three months later, on February 11, 2016, Appellant filed a second petition for PCRA relief, maintaining that he should be granted the right to file a *nunc pro tunc* appeal from the denial of PCRA relief because PCRA counsel abandoned him by not pursuing a requested appeal from the November 9, 2016 order denying PCRA relief and because he never received the court's Pa.R.Crim.P. 907 notice of intent to dismiss the PCRA petition without a hearing. On August 8, 2016, the February 11, 2016 petition was granted, and Appellant's appellate rights were reinstated.[1] This timely appeal from the November 9, 2016 denial of PCRA relief followed.

_____

[1] The Commonwealth does not suggest that the February 11, 2016 petition was an untimely, serial PCRA petition. Furthermore, the decision to allow Appellant to file a *nunc pro tunc* appeal, under the circumstances and timing in question, is proper under the reasoning of **Commonwealth v. Bennett**, 930 A.2d 1264 (Pa. 2007), which held that a defendant should be permitted to file a *nunc pro tunc* appeal from the denial of PCRA relief pursuant to an untimely PCRA petition where the defendant claimed abandonment by PCRA counsel, was unaware of the denial of relief, and diligently discovered when relief was denied.

On appeal, Appellant claims that "previous court-appointed PCRA counsel, Justin P. Miller, Esq[uire,] provided ineffective assistance during collateral review proceedings in the instant matter by failing to raise the following issues in his July 10, 2015, amended petition for post-conviction relief." Appellant's brief at 6. Appellant proceeds to list four issues that prior PCRA counsel was ineffective for not pursuing.

The PCRA court notes that it did not address the present allegations of PCRA counsel's ineffectiveness as they were not presented to it. We are aware that allegations of PCRA counsel's ineffectiveness may not be raised for the first time on appeal. ***Commonwealth v. Jette***, 23 A.3d 1032, 1044 n.14 (Pa. 2011); ***Commonwealth v. Hill***, 16 A.3d 484, 497 n.17 (Pa. 2011); ***Commonwealth v. Colavita***, 993 A.2d 874, 894 n 12 (Pa. 2010); ***Commonwealth v. Pitts***, 981 A.2d 875 (Pa. 2009); ***Commonwealth v. Ligons***, 971 A.2d 1125 (Pa. 2009) (plurality); ***see also Commonwealth v. Henkel***, 90 A.3d 16 (Pa.Super. 2014).

However, in the present case, on November 22, 2016, while the PCRA court retained jurisdiction, Appellant filed a fourteen page *pro se* document. Therein, he raised various complaints about PCRA counsel's representation during the PCRA proceeding and those complaints included PCRA counsel's refusal to raise claims that Appellant considered meritorious and desired to pursue.

In its Pa.R.A.P. 1925(a) opinion, the PCRA court acknowledged that Appellant's Pa.R.A.P. 1925(b) statement presented issues regarding PCRA counsel's ineffectiveness that were not preserved. The PCRA court continued that, normally, a PCRA petitioner can assert PCRA counsel's ineffectiveness after receiving the Pa.R.Crim.P. 907 notice of intent to dismiss, but that Appellant was unaware of the notice. The PCRA court opined that, "given the procedural posture of this case, the Court does not believe these claims [of PCRA counsel's ineffectiveness] are waived despite not being raised in response to the [Pa.R.Crim.P.] 907 Notice." Opinion in Response to Matters complained of on Appeal, 10/19/16, at 2. The PCRA court additionally concluded that Appellant's allegations "would likely require an evidentiary hearing." *Id*. at 3. It observed that, in light of this pending appeal, it lacked jurisdiction to order a hearing, and the PCRA court asked this Court to consider these circumstances in considering whether relief is warranted herein. Essentially, then, the PCRA court is inviting us to remand this matter so that it can consider the present allegations of ineffectiveness of PCRA counsel.

The pertinent facts are as follows. Appellant was unable to raise his allegations of ineffective assistance of PCRA counsel since he did not receive the Pa.R.Crim.P. 907 notice. He also filed of record a *pro se* document raising PCRA counsel's ineffectiveness, and the document was presented while the PCRA court still had jurisdiction. In light of these circumstances, we accept

the PCRA court's invitation to remand this matter so that it can consider the merits of Appellant's claims of PCRA counsel's ineffectiveness.

Order reversed. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/17/2017